(No. 41339.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
PERCY NELSON, Appellant.

*Opinion filed March 24, 1970.*

WARD, J., took no part.

THOMAS J. MCGRATH, of Homewood, appointed by the
court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield,
and EDWARD V. HANRAHAN, State's Attorney, of Chicago,
(JAMES B. ZAGEL, Assistant Attorney General, and ELMER

C. KISSANE and PATRICK T. DRISCOLL, JR., Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

Defendant, Percy Nelson, was indicted for the crime of murder, found guilty by the court sitting without a jury, and was sentenced to a term of 50 to 80 years in the penitentiary. An appeal was taken from the conviction to our court and we affirmed the action of the trial court. (*People* v. *Nelson*, 33 Ill. 2d 48.) On November 3, 1966, defendant filed a *pro se* petition seeking relief under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1965, ch. 38, par. 122—1 *et seq.*), which was dismissed without a hearing.

Defendant was indicted and tried along with Harold Newell who testified at trial that he and the murder victim, O'Connor, stopped at Newell's house where defendant was waiting; that upon arriving he got out of the car and defendant got in and forced the victim to drive away.

Upon cross-examination by defendant's attorney, Newell admitted that he had discussed killing O'Connor with two of his friends. He also contradicted prior statements he had given to the police. Following this testimony, the court adjourned.

Defendant maintains that when the court convened the proceedings began with an alleged conference in the judge's chambers with Newell, his wife, the prosecutor and the judge present; that neither petitioner nor his attorney was permitted access to this conference; and that at its conclusion Newell was recalled to the stand and testified to facts substantially different from those related in his preconference testimony. As support for petitioner's claim that such conference occurred, his petition sets forth a conversation allegedly had between petitioner and his trial counsel at the time the conference is claimed to have been in progress. That conversation is allegedly as follows:

"PETITIONER'S TRIAL COUNSEL: Well, how do you feel today?

PETITIONER: I feel pretty good.

PETITIONER'S TRIAL COUNSEL: They've got Harold Newell closeted in the Judge's Chambers with his wife and the Prosecutor. I think something's going on back there. They won't let me in.

PETITIONER: Maybe they'll let me in; ask them.

PETITIONER'S TRIAL COUNSEL: No, you can't go in; they are up to something."

There is no supporting documentation other than defendant's own affidavit. Ordinarily this would not be sufficient to require an evidentiary hearing. In reviewing the entire record in this case, we find that in the argument on the motion to dismiss, defendant's appointed counsel did not even call this matter to the court's attention.

Defendant's allegation of a private investigation occurring during an out-of-court conference is a serious one. If true, his constitutional guarantee of due process of law was violated. *People* v. *Rivers,* 410 Ill. 410.

For this reason we remand this case for appointed counsel for defendant to attach affidavits in support of this allegation if such are obtainable. If sufficient supporting documentation is obtained, an evidentiary hearing should be held. If such claims cannot be supported, counsel can report to the court concerning what steps have been taken. Under such circumstances a record on which to base findings would be presented to this court. On the present record we can only speculate as to whether the lack of documentation was due to negligence of appointed counsel or to such documentation being unavailable.

Since the trial judge may be called as a witness if an evidentiary hearing is held, on remandment the cause should be assigned to another judge.

*Reversed and remanded, with directions.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.